1

2

3                          UNITED STATES DISTRICT COURT

4                                 DISTRICT OF NEVADA

5                                        * * *

6    TYLER HARRIS,                              Case No. 2:25-cv-00428-MMD-NJK

7                            Plaintiff,                      ORDER

8          v.

9    DEMOCRATIC NATIONAL COMMITTEE,
     *et al.*,

10                         Defendants.

11   **I.      SUMMARY**

12          Plaintiff is attempting to sue both the Democratic and Republican National

13   Committees for violating the 22nd Amendment and the Sherman Act based on his

14   assertion that the President has been a member of one of those two parties since the

15   Nineteenth Century. (ECF No. 1-1.) Before the Court is the Report and Recommendation

16   of United States Magistrate Judge Craig S. Denney (ECF No. 6 ("R&R")) recommending

17   that the Court dismiss this case—with prejudice—as frivolous. Plaintiff filed an objection

18   to the R&R (ECF No. 11), along with a motion to change the title of this case to 'Harris v.

19   Democrat-Republican Party' (ECF No. 9), and a motion for leave to file an amended

20   complaint (ECF No. 10). Because the Court agrees with Judge Denney that the

21   allegations in the Complaint are frivolous, otherwise finds that amendment would be futile,

22   and as further explained below, the Court will adopt the R&R, overrule Plaintiff's objection,

23   deny the pending motions, and dismiss this putative case with prejudice.

24   **II.     DISCUSSION**

25          This Court "may accept, reject, or modify, in whole or in part, the findings or

26   recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

27   timely objects to a magistrate judge's report and recommendation, then the Court is

28   required to "make a de novo determination of those portions of the [report and

recommendation] to which objection is made." *Id.* In his objection, Plaintiff concedes his Complaint was vague and states that he has filed an amendment, briefly addresses several cases he has recently filed in this District (in an apparent response to Judge Denney's list of cases that Plaintiff has recently filed in a footnote (ECF No. 6 at 2 n.2)), and then goes on to list some grievances regarding DEI, marijuana, the unhoused, and immigration. (ECF No. 11.) But because Plaintiff filed an objection, the Court liberally construes him as objecting to Judge Denney's core recommendation to dismiss this putative case with prejudice. The Court's review is thus de novo as to Judge Denney's recommendation for dismissal because Plaintiff filed his objection.

Plaintiff's putative case is frivolous because the conclusory allegations in his Complaint rely entirely on two unviable legal theories. In his Complaint, Plaintiff seeks $100 million from the Republican and Democratic parties because, "[s]ince 1801 Democrat and Republican have been the only United States presidents." (ECF No. 1-1 at 9.) He otherwise appears to assert that this situation violates the 22nd Amendment and the Sherman Act. (*Id.* at 5-6.) However, the 22nd Amendment, on its face, applies to "person[s]," not the parties to which they belong. U.S. Const. amend. XXII(1). This view is broadly held. *See, e.g.*, Ronald D. Rotunda, John E. Nowak, TREATISE ON CONSTITUTIONAL LAW-SUBSTANCE & PROCEDURE, § 9.19(d)(i) Popular Efforts to Impose Term Limits, 2 Treatise on Const. L. § 9.19(d)(i) (Jul. 2024 Update) ("[T]he U.S. Constitution, since 1951, provides that the President is limited to two terms of office.") (footnote omitted). And the purpose of the Sherman Act is "suppress[ing] [business] combinations to restrain competition and attempts to monopolize by individuals and corporations[.]" *Parker v. Brown*, 317 U.S. 341, 351 (1943). But the national political committees Plaintiff seeks to sue here are not individuals or corporations—they are instead, "'organization[s] which, by virtue of the bylaws of a political party, [are] responsible for the day-to-day operation of such political party at the national level, as determined by the [Federal Election] Commission.'" *Fed. Election Comm'n v. Colorado Republican Fed. Campaign Comm.*, 533 U.S. 431, 439 n.2 (2001) (citation omitted). Thus,

1    the Sherman Act does not apply to Plaintiff's generalized grievance with the effectively

2    two-party political system. And in sum, on de novo review, Plaintiff's Complaint is

3    frivolous. Judge Denney reached the correct conclusion in his R&R.

4        Moreover, amendment of these two claims would be futile. In his motion for leave

5    to amend, Plaintiff asserts basically the same two theories addressed and rejected above,

6    but also states the "Democrat-Republican party" has kept him from holding the office of

7    the presidency, has slandered and harassed him, and then moves on to asserting that he

8    "has had police and psychologists lie about him and been tortured with drugs and

9    imprisoned without being given a trial by jury for working on bringing together influential

10   people for his cause." (ECF No. 10 at 2.) But even with these troubling allegations, the

11   theories Plaintiff seems to present in his motion to amend remain the same "claims of

12   infringement of a legal interest which clearly does not exist" addressed above and

13   otherwise constitute an example of "frivolous claims describing fantastic or delusional

14   scenarios[.]" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Moreover, Plaintiff does not

15   attach a copy of his proposed, amended complaint in violation of LR 15-1, nor explain his

16   proposed amendments in sufficient detail to allow the Court to reasonably infer that

17   amendment would be anything other than futile. *See Cato v. United States*, 70 F.3d 1103,

18   1105 (9th Cir. 1995) ("it is clear that this complaint cannot be cured by amendment"). The

19   Court will deny Plaintiff's motion for leave to file an amended complaint.

20       And the Court will accordingly also overrule Plaintiff's objection and adopt Judge

21   Denney's recommendation to dismiss this putative case with prejudice. Having decided

22   to take that approach, the Court will deny Plaintiff's motion for title change (ECF No. 9)

23   and application to proceed *in forma pauperis* (ECF No. 1-1) as moot.

24   **III.    CONCLUSION**

25       It is therefore ordered that United States Magistrate Judge Craig S. Denney's

26   report and recommendation (ECF No. 6) is accepted and adopted in full.

27       It is further ordered that Plaintiff's objection to the R&R (ECF No. 11) is overruled.

28   ///

3

1   It is further ordered that Plaintiff's motion for leave to file an amended complaint

2   (ECF No. 10) is denied because amendment would be futile.

3   It is further ordered that this case is dismissed, in its entirety, with prejudice.

4   It is further ordered that Plaintiff's motion for title change (ECF No. 9) is denied as

5   moot.

6   It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF

7   No. 1) is denied as moot.

8   The Clerk of Court is directed to enter judgment accordingly and close this case.

9   DATED THIS 23rd Day of April 2025.

10

11   MIRANDA M. DU
     UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28